**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reliance Standard Life Insurance Company, | CV 11-01550-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| David DeWayne Scott; Eliza Soto; Joann Soto; Michael Soto; Estate of Juanita Cruz; Does 1-10, | |
| Defendants. | |

The court has before it plaintiff's motion for entry of final decree of interpleader, dismissal of plaintiff, and award of fees and costs (doc. 13). No response was filed, and the time for responding has expired. No defendants have appeared in this action.

**I**

On July 9, 2007, Juanita Cruz died from injuries she sustained in a car accident while her husband, defendant David DeWayne Scott, was driving. She was survived by her children, defendants Eliza, Joann, and Michael Soto. Cruz was insured under a Reliance Standard group life insurance policy with plaintiff through her employer, Hexcel Corporation.[1] As the result of Cruz's death, $33,000 in life insurance proceeds became payable. After funeral expenses, $24,560.27 in policy proceeds remain. Scott is listed as the beneficiary of the policy.

---

[1] The policy is an employee welfare benefit plan governed by ERISA.

In 2010, Eliza Soto, individually and on behalf of her siblings, filed an action against Scott in connection with Cruz's death. Judgment was entered for Cruz's children in the amount of $200,000 each. Scott pled no contest to manslaughter and driving under the influence in March 2011. Defendants have all filed a claim for the insurance proceeds. Eliza Soto filed her claim on July 25, 2007. Scott filed a claim on January 23, 2008. Eliza, Joann, Michael, and the Estate of Juanita Cruz sent a letter to plaintiff seeking all of the benefits on August 13, 2010.

Plaintiff filed this interpleader action in August 2011. Eliza, Michael, and Joann Soto and the Estate of Juanita Cruz waived service on September 21, 2011. Scott was served on September 27, 2011. Defendants have not answered the complaint nor otherwise appeared in this action. The Clerk has not entered default, and no motion for default judgment has been filed. On November 16, 2011, we ordered that this matter would be dismissed for lack of prosecution unless good cause was shown (doc. 12). Plaintiff responded by filing the instant motion on November 22, 2011. Plaintiff's counsel states that the reason for delay in this action stems from plaintiff's efforts to seek a stipulation from defendants regarding plaintiff's deposit of the insurance proceeds and dismissal from this action. Having not received any response from the defendants, plaintiff now asks us to enter an order directing it to deposit the remaining life insurance proceeds, discharging it from liability relating to the proceeds, enjoining the defendants from initiating any action against plaintiff relating to the policy, and awarding plaintiff its attorney fees and costs.

**II**

We have federal question jurisdiction over this interpleader action, which is a "cognizable action under ERISA." Aetna Life Ins. Co. v. Bayona, 223 F.3d 1030, 1033-34 (9th Cir. 2000) (holding that insurance company administering claims for employee benefits plan is an ERISA fiduciary, concluding that district court had jurisdiction over insurance company's interpleader action). Rule 22, Fed. R. Civ. P. provides for interpleader. A plaintiff with a risk of exposure to multiple liability from claimants may use interpleader to join these claimants as defendants and require them to interplead. Interpleader actions

1 typically involve two stages.  First, a court will decide whether interpleader is appropriate.
2 If so, then the court may order the plaintiff to deposit the disputed funds, discharge the
3 plaintiff, and direct the claimants to interplead.  At the second stage, the court will adjudicate
4 the defendants' competing claims, with the action proceeding as any other civil action.  Wells
5 Fargo Bank, N.A. v. The Magellan Owners Ass'n, CV-09-587-PHX-MHM, 2010 WL 46794
6 at *2 (D. Ariz. Jan. 4, 2010); see also 7 Charles Alan Wright & Arthur R. Miller, Federal
7 Practice and Procedure § 1704 (3d ed.).

8 Here, plaintiff has submitted evidence that it faces exposure to multiple liability, and
9 has averred that it is a disinterested party with no claim to the insurance proceeds.  Each
10 defendant has filed a claim with plaintiff, asserting that he or she is entitled to Cruz's
11 insurance proceeds.  Plaintiff cannot distribute the proceeds, which are a limited fund,
12 without exposing itself to liability or litigation from the other defendants, all of whom have
13 claimed an interest in the proceeds.  Exposure to multiple claims for the proceeds of an
14 ERISA benefit plan is one type of action for which interpleader is appropriate.  See Trs. of
15 the Dirs. Guild of America-Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 426 (9th
16 Cir. 2000).  Thus, plaintiff has established its right to interpleader, and is entitled to be
17 dismissed from this action.

18 We are faced, however, with an unusual situation.  All defendants apparently desire
19 the insurance proceeds, but not a single defendant has appeared in this action to stake a claim
20 to these funds.  Thus, once plaintiff exits from this action there will be no dispute left before
21 this court to adjudicate.  Plaintiff has not offered any guidance as to how this action should
22 proceed after its exit, and has made no attempt to secure default of the absent defendants.
23 We think the best course of action is to provide the defendants with one last chance to assert
24 their claims to the policy proceeds before their claims are barred.

### III

26 Reasonable attorneys' fees and costs are generally awarded to interpleader plaintiffs,
27 but are limited to fees incurred in the interpleader action.  Id. at 426-27 (listing compensable
28 expenses).  Here, plaintiff seeks a total of $5,540.07 in fees and costs.  However, plaintiff

1 has not submitted documentation supporting its request for fees in accordance with LRCiv
2 54.2. Without this information before us, we cannot determine whether the amount of fees
3 requested is appropriate. Once the disputed funds have been successfully deposited with the
4 registry of the Court and our order granting an award of attorneys' fees has issued, we will
5 discharge plaintiff from this action.

## IV

**IT IS ORDERED GRANTING** plaintiff's motion for entry of final decree of interpleader, dismissal of plaintiff, and award of fees and costs (doc. 13).

**IT IS ORDERED** that plaintiff shall deposit the full amount of the proceeds from Juanita Cruz's insurance policy into the registry of the Court pursuant to LRCiv 67.1 within thirty (30) days of the date of this order.

**IT IS ORDERED** that plaintiffs will have fifteen (15) days from the date of this order to submit an itemization of attorney's fees along with any supporting documentation.

**IT IS ORDERED** that plaintiffs file a bill of costs with the Clerk in accordance with LRCiv 54.1. Any costs awarded shall be deducted from the proceeds deposited into the registry of the Court.

**IT IS ORDERED** that defendants are permanently enjoined from instituting or prosecuting any proceedings against plaintiff in any way relating to Juanita Cruz's insurance policy or its proceeds.

**IT IS FURTHER ORDERED** that any defendant or defendants claiming a right to the policy proceeds shall file a proof of claim within forty-five (45) days of the date of this order. If any defendant fails to do so, that defendant's claim to the Cruz policy proceeds will be forever barred. We caution that the proceeds could be deemed unclaimed and deposited in the United States Treasury in accordance with 28 U.S.C. § 2042.

The Clerk shall serve a copy of this order on all defendants.

DATED this 26th day of January, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge